please proceed thank you good morning your honors and may it please the court ryan carry on on behalf of appellant jeffrey r werner and incredible features incorporated who were the plaintiffs below the judgment of the district court should be reversed for three reasons first the district court failed to consider that under rule 4k2 and the supreme court's holding in burnham that service of process on mr dowlatsingh conclusively satisfied due process and conferred personal jurisdiction because mr dowlatsingh was personally served with process while voluntarily in the united states second the district court improperly analyzed mr dowlatsingh's purposefully directed contacts under the minimum contacts analysis and third the district court abused its discretion by improperly applying the transfer statute and failing to transfer the case to the middle district of florida in the absence of personal jurisdiction in california i'd like to focus my time primarily on the first point that service of process on mr dowlatsingh conclusively satisfied due process and established personal jurisdiction uh federal rule of civil procedure 4k2 provides that for claims arising under federal law service of a summons establishes personal jurisdiction over the person of any defendant so long as the exercise of jurisdiction comports with due process so mr carry on can i um interrupt you for a moment um you present a very interesting issue as far as i can tell it's an issue of first impression uh the district court cannot find a court similar to the circumstances in your case i couldn't find one you haven't cited one so what you are suggesting is or arguing is that under 4k2 of personal service in somewhere within the united states is sufficient to establish the third uh of rule 4k2 is set out in our case in holland so so what is puzzling is if personal jurisdiction is established because mr dowlatsingh would voluntarily in florida and so under burnham his physical presence would uh subject him to the jurisdiction of florida and then under florida's long-run statute um in the district of florida um why isn't his physical presence also sufficient to defeat um the second prong that is that he's not subject to the jurisdiction of any state you're arguing he's present in the united states and therefore subject to the jurisdiction of florida a state within the united states so how does that not defeat the second prong that has a requirement for jurisdiction under 4k2 that the person not be subject to the jurisdiction of any state so let me preface my answer by uh respectfully disagreeing with your honor this is not a case of first impression because we have the barasa case which although that was not decided well i'm gonna i'm gonna disagree with you i i know what barasa says now barasa is not the same first of all we have to recognize that burnham and barasa were both decided before 4k2 was adopted in 1993 and barasa deals with what is now 4k1c which allows service under a statute that provides for nationwide service of process in other words congress has decided we were going to allow nationwide service of process that was the securities act that's not the case i do not digital millennium copyright act so those are uh not statutes that include nationwide service of process so we can disagree on that as to whether the barasa uh establishes what you wish but i really like you to answer my question sure so um under uh the vigman case uh in this court's jurisprudence um it states that the under cases arising under federal law the court does not need to um deal with state boundaries right so the district court in this case and we respectfully disagree with the district court's holding but the district court found that because the case was not filed in florida that when mr dallesting was served florida did not have personal jurisdiction that was the reason um that the district court did not transfer to florida so if we're going to accept that uh logic as true then florida would not have personal jurisdiction so therefore you need to look at 4k2 contacts with the united states and under vigman because it arises under federal law we don't need to necessarily piecemeal 50 different you know state borders we're just looking at was he physically present in the united states and he was and so therefore service of process would confer jurisdiction anywhere in the united states under 4k2 and i want to just briefly address your honor um the point that you made about the copyright and dmca statutes not having a nationwide service of process uh section and that is true but i believe that congress judgments when they drafted 4k2 which did give cases arising under federal law nationwide service of process capability so if your interpretation of 4k2 is correct why isn't 4k1c utterly superfluous at this point because as you know i know you've read the advisory committee notes quite closely and you saw what the committee explained was the purpose of proposing 4k2 and that they preface that with a special note for the supreme court and congress citing the rules enabling act and then said it was supposed to be a limited extension of jurisdiction and cited uh omnia um capital versus rudolph wolf which was a 1987 supreme court case in which the supreme court said if congress hasn't created nationwide service of process we can't do that but maybe a rule could be designed to deal with this issue where you have a person who doesn't have minimum contacts in any state that minimum contact with the united states they're sued under federal law but uh there's not nationwide service of process and hence the committee came up with 4k2 but in any event 4k2 and 4k1c must serve different purposes or else one of the rules would you agree with that i see my time is short if i may have 30 seconds to answer your honor's question please go ahead 4k 4k1 i think you have to look at section c in the context of section a which states that the requirement that the defendant be subject to the jurisdiction of a court in a state where a district court is located right so that's the difference between 4k1 and 4k2 if they're subject to jurisdiction in this state via minimum contacts or some other way uh then 4k1 would apply and if they're not then 4k2 would apply and so we would argue that in this case uh mr dalit singh was not claiming to be subject to the court of jurisdiction in any state the district court didn't find that and so therefore service of process in the united states would be the proper application and so i'll submit until my rebuttal all right so you have just over two minutes thank you um and mr uh poorman apologies i'll be right there i have to unmute him before me yes may i proceed mr foreman go ahead yeah thank you so this is jake foreman and may it please the court representing miss pelly landon dalit singh mr dalit singh submits that transient jurisdiction or transient presence in the united states is simply not the type of contact with the united states that rule 4k2 was intended to capture mr foreman this is uh judge mccall i have a question for you do you continue to deny that mr dalit singh could be sued in any individual state so he could have been sued your honor he could have been sued in florida had appellants chosen to proceed there so you agree that he can be florida um and that would be the proper district which the case can be brought right our position is that he he could have been sued it's not clear at this point if he's amenable to jurisdiction in florida because when he was personally served there was served with a california lawsuit however it does seem clear and appellants have admitted i think pretty clearly that had they proceeded in florida they could have excuse me they could have proceeded in florida had they chosen to do so would you raise in a florida proceeding if it was transferred to florida that he was not subject to jurisdiction he could not be sued in florida would you do that now yeah i think at this point your honor he would not be subject to jurisdiction in florida is there any other uh district where he could be sued in the united states that you would agree he was subject to jurisdiction there i don't believe that there's any jurisdiction in in the united states where he could currently be subject to personal jurisdiction but mr dodd i think submits that the relevant inquiry here is that he could have been sued in florida if appellants had chosen to do that so mr poorman this is judge baity as i understand your argument if the plaintiff's appellant had filed their lawsuit in the united states district court for the district of florida and then when mr dalat sing was physically president in florida a few days later personally served him under burnham he would be subject to jurisdiction in florida do you agree with that yes i think that's correct so why don't we transfer the florida among other reasons it was appellant's burden to show in the lower court that transfer would be the in the interest of justice and appellants made no effort to make that showing and therefore that it can't be an abuse of discretion or could not have been an abuse of discretion for the district court to deny transfer further the only ground okay and also it's not clear that as i mentioned it's not clear that florida at this point because appellants filed a lawsuit in california and declined to proceed in florida it's not clear that at this juncture that there is jurisdiction in florida and therefore the transfer would be appropriate on that ground why wouldn't there be jurisdiction in florida i thought you just said that he could have been sued in florida correct he could he could have been right so if appellants had filed their lawsuit in florida and then serve mr dalat sing in florida it's it seems somewhat inarguable under burnham that there would have been personal jurisdiction over him there however appellants presumably for their own convenience declined to do that and instead filed the lawsuit in california and and so it's not clear that the fact that he was served in florida was sufficient to confer jurisdiction again simply because the appellants declined to proceed there there was nothing preventing them from filing the florida lawsuit and then proceeding against him in florida i do have one question that i'm not clear on and i'd like your position as clearly as you can state it do you concede that mr dalat sing was not subject to florida state jurisdiction in florida when he was served or claimed that he was subject to state jurisdiction which one he he was not simply because the lawsuit was a california lawsuit however appellants would have filed in florida and then served him in florida which they were perfectly capable of doing he would have been subject to jurisdiction there so you you claim that he was subject to florida state court jurisdiction when he was served in florida true so that's correct if there had been a callow if there had been a florida lawsuit with which he was okay i've got that thank you so as the court observes mr dalat sing is not aware of a single case in the approximate 27 years since rule 4k2 was enacted that does what appellants urge here which is assert rule 4k2 jurisdiction over a foreign defendant based merely on his transient presence in the united states rule 4k2 was intended to fill a gap in the federal jurisdiction the personal jurisdiction schema such that defendants with diffuse contacts throughout the united states sufficient to support jurisdiction but insufficient contacts with any particular state where you know falling into the gap we're not subject to jurisdiction because of the limits on state jurisdiction and rule 4k2 fills that gap here the transient press mr dalat seems transient or contact with florida his transient presence there is no different is the same contact that appellants seek to base 4k2 on so in other words his contact with florida is no different than his contact with the united states and therefore that's not the type of contact that rule 4k2 was intended to capture mr dalat seems only aware of one case that appears to have addressed this scenario which is the southern district of florida case btg patent holdings versus bag to go which declined to exercise 4k2 jurisdiction because the defendant had been successfully personally served in nevada which seems to be which mr dalat submits would be the right outcome here it is appellant burden to show that mr dalat was not subject to or could not have been subjected to jurisdiction in any particular state and here he could have been subjected to jurisdiction in florida mr dalat king also respectfully submits that it is appellants burden to show that the exercise of rule 4k2 jurisdiction would comport with due process and here appellants have not met that burden the most important part of the or the focus of the personal jurisdiction inquiry is the defendant's contact with the forum and critical to that inquiry is whether or not the exercise of jurisdiction is foreseeable in other words whether the defendant could reasonably foresee being hailed into court in that forum given that no court has exercised 4k2 jurisdiction based on transient presence mr dalat king could not have reasonably anticipated that his transient presence in florida would have rendered him subject to jurisdiction throughout the united states mr dalat king also submits that it would be a strange outcome if mr dalat seeing a foreigner would be subject to jurisdiction in every state based on his transient presence in florida when a united states citizen who is transiently present in florida could not be sued everywhere on that basis and that such an outcome would also be inconsistent with the principle the court should be reticent in asserting jurisdiction over a foreign defendant moreover mr dalat king's entire scope of quantum of his contacts with the united states as a general matter is simply insufficient to support the exercise of rule 4k2 jurisdiction referring to the case of holland american line incorporated versus wartzilla north america 485 f 3rd 450 the ninth circuit case in 2007 occasional contact with the united states website accessible from the united states which is essentially what appellants alleged here is not sufficient to support the exercise of jurisdiction uh mr dalat king also submits that the court was correct in declining to find specific personal jurisdiction over mr dalat thing both for the reasons that his conduct was not expressly directed at california or the united states more generally and that he could not have reasonably or did not anticipate that the harm from the alleged misconduct was suffered in would be suffered in california or the united states more generally the misconduct alleged here mr poorman your time is up if you want to just if you're not too far over if you want to just wrap up and we'll go on with mr uh carry on with that rebuttal thank you your honor i would just say very briefly that mr dalat conduct is not expressly aimed at the united states because the images in the in but the and the posting was in canada by a canadian citizen to canadian youtube and there's no evidence in the records that the videos or mr dalat youtube channels more generally are directed at the california or united states audience and i would submit on that thank you thank you mr poorman uh mr carry on um you have a couple of minutes uh for a rebuttal thank you your honor just want to mention a couple of things first of all um this is not a california lawsuit this is a federal lawsuit and i think that's critical because it arises under federal law it theoretically could have been filed in any federal court uh you can't file a california state law lawsuit uh in florida but you can file a federal lawsuit in florida or california and i one particular state um one other thing that i will agree with um would you agree with mr poorman that if uh your you had opted to do so you could have filed this federal lawsuit in uh florida district court in florida and then personally served mr dalat scene when he was physically present in florida and then asserted um burnham is the basis of the jurisdiction in other words was there any reason why you could not file in florida well um essentially i mean you know you're trying to guess where is this foreign defendant going to be right he's in florida one day he's in california he's in washington dc i mean you guys knew the testimony was from your client was he knew about the conference he knew exactly when you're when mr dalat sing was going to be present and speaking and he planned it i mean it was time to file the lawsuit two days before mr dalat sing appeared for a conference where you knew he would be and then you served him so under those circumstances is there any impediment is there any reason why you couldn't have simply filed it in florida and then served him in florida well yes your honor uh there is a reason it's not on the record but florida actually doesn't do e-filing um or at least they didn't of summons they actually mail it to you so there wouldn't have been enough time for us to get it in the mail it would have been long gone and i think that's what the problem is with this right you can also that's not a you're making a process argument that doesn't really affect the law here because there are many ways around well but i think your honor the problem is what if he wasn't able to be served right what if he successfully evaded now we're stuck with a lawsuit in florida and who knows where he's going to be how would that be different in any in whether he's in california or florida i mean your whole gambit was serve him while he's personally in florida um and if you don't serve him then i assume your client would have tried to serve him the next time he knew he was going to be at a state sure and so our reliance was on minimum contact which we argued in our uh brief below and here in this court well you know with the understanding that if he wasn't going to be served well at least we have minimum contact with california um i understand the district court you know didn't agree with that argument but that was the idea right i mean we didn't want to just completely guess and hope that we could serve him uh in florida if you know we weren't going to be to get him um and i just will say one more thing mr i'm sorry mr karen i'll give you i'll give you a little more time because i'm taking your time up with questions so i can give you a little more time um is there any tension between um what you've just said that you believe that there were minimum contacts in california the there was jurisdiction over mr dalek saying in california and the district court was wrong on that point they should have found personal jurisdiction because of his contacts with california so that would suggest that he was subject to the jurisdiction of a state in the united states which would again create a problem under the second form of 4k2 you see the tension with the between the two rules and the position that you're taking i do your honor and i think there are alternative rules right because you know just because we believe that jurisdiction exists and we'll certainly argue it and put forth evidence of the contact doesn't mean the district court would agree and maybe the district court's right we're not conceding that they are but maybe the district court's right and so if the district court is right that there's no minimum contacts sufficient in california to establish jurisdiction in california well then you flip back to 4k2 as the alternative argument of well there's contacts with the united states specifically his being personally served in the united states and i will add briefly that you know i know there's been some discussion of this is a case of first impression what will this rule do if we rule in favor of mr werner i actually don't think that this is a radical rule because if you look at how 4k2 is typically applied which is that a defendant is served in their home country might not even have ever visited the united states and yet the court can through minimum contacts uh find that personal jurisdiction and due process are satisfied in that instance i think all the more reason for someone who travels to the united states to do business here who's physically present to reasonably anticipate being hailed into a court in the united states and if he doesn't believe that california is the court he can say florida heck he can even say northern district of new york because it's right across the border from toronto if you wanted but he hasn't said any of those things okay so mr karen you know you had your two minutes of rebuttal in three minutes beyond that um unless judge bea or judge mccall i have any other questions i think we're we're finished no thank you all right thank you counsel thank you both very much for your um your arguments this morning they were helpful also thank you for uh joining us in this uh experiment of vtc telephonic arguments i thought it went well i hope you both agree and that you thought you were able to uh present your positions uh even though we couldn't all be together in the courtroom so thank you very much and we're adjourned thank you your honor
judges: Bea, McCalla, Bade